**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

          v.

MERCED MELCHOR-MECENO,
          *Defendant-Appellant.*

No. 09-10012

D.C. No.
4:08-CR-00854-
JMR-BPV

OPINION

Appeal from the United States District Court
for the District of Arizona
John M. Roll, Chief District Judge, Presiding

Argued and Submitted
April 12, 2010—San Francisco, California

Filed September 1, 2010

Before: Mary M. Schroeder and N. Randy Smith,
Circuit Judges, and James Maxwell Moody, Judge.*

Opinion by Judge N.R. Smith

*The Honorable James Maxwell Moody, United States District Judge for the District of Arkansas, sitting by designation.

13275

## COUNSEL

Defendant-appellant Merced Melchor-Meceno is represented by Jon M. Sands, Federal Public Defender, and Richard W. Raynor, Assistant Federal Public Defender, Tucson, Arizona.

Plaintiff-appellee United States of America is represented by Dennis K. Burke, United States Attorney, Christina M. Cabanillas, Appellate Chief, and Celeste Benita Corlett, Assistant United States Attorney, Tucson, Arizona.

**OPINION**

N.R. SMITH, Circuit Judge:

Merced Melchor-Meceno (Melchor-Meceno) pleaded guilty to illegally re-entering the United States after deportation in violation of 8 U.S.C. § 1326. After conviction, the district court sentenced him to a seventy-five month term of imprisonment. The length of the term of imprisonment included an enhancement pursuant to the United States Sentencing Guidelines Manual (U.S.S.G.) § 2L1.2 for Melchor-Meceno's prior conviction of a crime of violence. Melchor-Meceno appeals, claiming his prior Colorado state conviction for menacing does not qualify as a "crime of violence." Because the Colorado felony menacing statute is categorically a crime of violence (as outlined in U.S.S.G. § 2L1.2), the district court properly applied the enhancement to Melchor-Meceno's sentence. We need not address whether the conviction constitutes a crime of violence under the modified categorical approach.

## I.   BACKGROUND

Following felony convictions, the United States Immigration and Customs Enforcement twice deported Melchor-Meceno (a citizen of Mexico) from the United States in 2000 and 2007. On June 13, 2008, Border Patrol agents found Melchor-Meceno back again in the United States near Sells, Arizona. A grand jury subsequently indicted Melchor-Meceno for illegally re-entering the United States after deportation in violation of 8 U.S.C. § 1326.

After pleading guilty to the charge, the probation officer prepared a Pre-Sentence Report (PSR) recommending that Melchor-Meceno's sentence be enhanced 16 levels for deportation after a crime of violence. Prior to the sentencing hearing, Melchor-Meceno filed an objection to the proposed 16-level enhancement, arguing that his 1995 Colorado state fel-

ony menacing conviction[1] was not a crime of violence. At the sentencing hearing, the district court concluded that the 1995 conviction constituted a crime of violence and applied the 16-level enhancement to Melchor-Meceno's sentence.

The district court noted that "looking at the totality of the charges, the predicate facts, which are the basis of the charges, that clearly what the defendant was convicted of was a crime of violence and menacing is in fact a crime of violence." The district court applied the 16-level enhancement and sentenced Melchor-Meceno to a seventy-five month term of imprisonment.[2] The district court found Melchor-Meceno

---

[1]In 1995, the Colorado Delta County district attorney filed an Amended Information charging Melchor-Meceno with felony menacing under Colorado Revised Statute (C.R.S.) § 18-3-206. Count 2 of the Amended Information stated that:

> On or about August 10, 1994, in Delta County, Colorado, MER-CED MELCHOR MECENO, by threat and physical action and by use of a deadly weapon, to-wit: a .22 cal. automatic pistol, did unlawfully feloniously and knowingly place and attempt to place Andronaco B.M. in fear of imminent serious bodily injury; in violation of C.R.S. 18-3-206. FELONY MENACING (F-5).

Melchor-Meceno pleaded guilty to "Count 2 of the Amended Information which charges the crime of Felony Menacing in violation of C.R.S. 18-3-206, a class 5 felony." The factual basis in Melchor-Meceno's Plea Agreement stated:

> On August 10, 1994, in Delta, Colorado, the defendant became angry with Marta A.C.B. for talking to a boyfriend on the telephone. The defendant took the weapon from his vehicle after which he pointed at Andronaco B.M. During a scuffle for the weapon (pistol) it went off wounding Marta.

The Amended Information also charged Melchor-Meceno in Count 1 with second degree assault. However, the government has not argued that the assault conviction is a crime of violence.

[2]The district court found a criminal history category V, a base offense level of 8, a 16-level enhancement for deportation after a crime of violence, a 2 point deduction for acceptance of responsibility, and a 1 point deduction for cultural assimilation, leaving a total offense level of 21 and a sentencing range of 70 to 87 months.

was convicted of a crime of violence, but did not specifically state whether the court applied the categorical or modified categorical approach in making such a finding. Melchor-Meceno argues, on appeal, that the statute could not be found to be a crime of violence under either the categorical or modified categorical approach.

## II. STANDARD OF REVIEW

"We review de novo a sentencing court's interpretation of the Guidelines, including its determination whether a prior conviction is a crime of violence for the purposes of U.S.S.G. § 2L1.2." *United States v. Laurico-Yeno*, 590 F.3d 818, 820 (9th Cir. 2010) (citation and internal quotation marks omitted).

## III. CRIME OF VIOLENCE ENHANCEMENT

To determine whether a C.R.S. § 18-3-206 felony conviction for menacing is a categorical "crime of violence" for purposes of U.S.S.G. § 2L1.2, we apply the approach set forth in *Taylor v. United States*, 495 U.S. 575 (1990). *See United States v. Grajeda*, 581 F.3d 1186, 1189 (9th Cir. 2009); *see also Laurico-Yeno*, 590 F.3d at 820-21. "Under [the categorical] approach, we do not look to the facts of the underlying conviction, but rather to the state statute defining the conviction." *Laurico-Yeno*, 590 F.3d at 821. "In order for a violation of the state statute to qualify as a predicate offense, the full range of conduct covered by the state statute must fall within the scope of the federal statutory provision." *Id.* (citation, alteration and internal quotation marks omitted). Therefore, to determine whether the state statute falls within the scope of the federal statutory provision, we look at the least egregious end of the state statute's range of conduct. *See id.* We compare the terms of U.S.S.G. § 2L1.2 with the elements of the state statute. *See id.*

If the state conviction is a categorical crime of violence then "our inquiry is complete." *Grajeda*, 581 F.3d at 1189. "If

not, we turn to the modified categorical approach to determine if there is sufficient evidence in the record to conclude that [Melchor-Meceno] was convicted of the elements of the generically defined crime." *Id.* (citations, alterations and internal quotation marks omitted). Because we conclude that the state conviction is categorically a crime of violence, we do not apply the modified categorical approach here.

## IV. DISCUSSION

[1] Under U.S.S.G. § 2L1.2, a 16-level enhancement is warranted "[i]f the defendant previously was deported, or unlawfully remained in the United States, after (A) a conviction for a felony that is . . . (ii) a crime of violence." U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2007). An offense constitutes a crime of violence if it is one of the enumerated offenses[3] or if the crime "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2, cmt. n.1(B)(iii) (2007). This is referred to as the element prong or test. *See Grajeda*, 581 F.3d at 1189.

Under the element prong, the nature of the crime should "be in the category of violent, active crimes." *Laurico-Yeno*, 590 F.3d at 821 (citation and internal quotation marks omitted). A minimal, nonviolent touching or threat to general safety does not constitute sufficient force. *See Johnson v. United States*, 130 S.Ct. 1265, 1268, 1269-70 (2010) (holding that a "Florida felony offense of battery by actually and intentionally touching another person [does not have] as an element the use of physical force" because the offense may occur by the slightest offensive touching (alterations and internal

---

[3]The enumerated offenses include "murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, [and] burglary of a dwelling." U.S.S.G. § 2L1.2, cmt. n.1(B)(iii) (2007).

quotation marks omitted)); *see also United States v. Jones*, 231 F.3d 508, 519 n.6, 520 (9th Cir. 2000) (concluding that a stalking statute requiring a "threat with the intent to place [a] person in reasonable fear for his or her safety" was not a crime of violence because a threat to general safety did not mean only physical safety).

**[2]** In addition to requiring a certain degree of force, "a predicate offense must [also] require intentional use, attempted use, or threatened use of force to constitute a crime of violence under § 2L1.2; neither recklessness nor negligence is enough." *Grajeda*, 581 F.3d at 1191 (citations omitted). Such intentionality may be found in a general intent crime. *See Grajeda*, 581 F.3d at 1196-97 (holding that assault, a general intent crime, satisfied the *mens rea* requirement for a crime of violence, because it requires "an intentional act and actual knowledge of those facts sufficient to establish that the act by its nature will probably and directly result in the application of physical force against another" (citation and internal quotation marks omitted)).

**[3]** We must then compare this guideline language (as defined by the statute and case law) to the Colorado menacing statute. The statute provides:

> A person commits the crime of menacing if, by any threat or physical action, he or she knowingly places or attempts to place another person in fear of imminent serious bodily injury. Menacing is a class 3 misdemeanor, but, it is a class 5 felony if committed: (a) By the use of a deadly weapon or any article used or fashioned in a manner to cause a person to reasonably believe that the article is a deadly weapon; or (b) By the person representing verbally or otherwise that he or she is armed with a deadly weapon.[4]

---

[4]The fact that C.R.S. § 18-3-206 permits a misdemeanor or felony charge does not preclude our categorical analysis. *See Laurico-Yeno*, 590

C.R.S. § 18-3-206. Under C.R.S. § 18-3-206, "[m]enacing, whether a misdemeanor or a felony, is a general intent crime." *People v. Dist. Court of Colorado's Seventeenth Judicial Dist.*, 926 P.2d 567, 571 (Colo. 1996) (en banc) (citation and footnote reference omitted). "Serious bodily injury means bodily injury which, either at the time of the actual injury or at a later time, involves a substantial risk of death, a substantial risk of serious permanent disfigurement, a substantial risk of protracted loss or impairment of the function of any part or organ of the body, or breaks, fractures, or burns of the second or third degree." C.R.S. § 18-1-901(p).

**[4]** Comparing the guideline language to felony menacing under C.R.S. § 18-3-206, the statute is categorically a crime of violence under the element prong of U.S.S.G. § 2L1.2. The nature of the force required for felony menacing is in the category of violent active crimes, because it penalizes imminent serious bodily injury, rather than a minimal, non-violent touching, and necessarily involves a threat to physical safety, rather than general safety. Furthermore, the predicate offense of menacing, a general intent crime, includes the requisite *mens rea* of intent for a crime of violence. It requires the defendant to knowingly place another person in fear of imminent serious bodily harm.

## A.   Use of Physical Force

Melchor-Meceno asserts that his felony menacing conviction is categorically not a crime of violence because it does not require active violent force.

---

F.3d at 821-23 (holding that a Cal. Penal Code § 273.5 conviction for willful infliction of a corporal injury is a categorical "crime of violence" even though the statute of conviction was a wobbler statute permitting a defendant to be charged with either a felony or misdemeanor); *see also* Cal. Penal Code § 273.5; *People v. Sillas*, 123 Cal. Rptr. 2d 340, 341 (Cal. Ct. App. 2002) (concluding that Cal. Penal Code § 273.5 is a wobbler statute).

It is impossible to conceive of a situation involving fear of imminent serious bodily injury without a threat of force. *See United States v. De La Fuente*, 353 F.3d 766, 771 (9th Cir. 2003) (holding that "a criminal statute requiring the creation and use of a fear of unlawful injury includes the element of a threatened use of physical force" (citations, alterations and internal quotation marks omitted)).

Other circuits have similarly concluded that menacing involves a threat of force. The Tenth Circuit expressly held that a felony menacing conviction under C.R.S. § 18-3-206 constitutes a violent felony under the Armed Career Criminal Act (ACCA)[5] because "[k]nowingly placing someone in fear by the use of a deadly weapon certainly constitutes threatening someone." *United States v. Herron*, 432 F.3d 1127, 1138 (10th Cir. 2005) (alteration and internal quotation marks omitted); *see also United States v. Hernandez*, 568 F.3d 827, 831 (10th Cir. 2009) (concluding that an offense requiring "the purposeful threatened use of physical force against the person of another" constitutes a violent felony (emphasis omitted)). The Third, Sixth, and Eleventh Circuits have also held that similar menacing statutes constitute crimes of violence under 18 U.S.C. § 16(a), which defines a crime of violence as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another."[6] *See Singh v. Gonzales*, 432 F.3d 533, 539 (3d Cir. 2006) (holding that a conviction under a statute providing that "[a] person is guilty of assault if he attempts by physical menace to put another in fear of imminent serious bodily injury" qualified as a crime of violence (citation and alteration

---

[5]Similar to U.S.S.G. § 2L1.2, cmt. n.1(B)(iii), the ACCA provides that a violent felony "means any crime punishable by imprisonment for a term exceeding one year . . . that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(I).

[6]"[T]he relevant definitions under [18 U.S.C.] § 16(a) and U.S.S.G. § 2L1.2 are identical," making the reasoning behind each interchangeable. *Grajeda*, 581 F.3d at 1190 (citation and footnote reference omitted).

omitted)); *United States v. Page*, 167 F.3d 325, 332 n.5 (6th Cir. 1999) (concluding that a menacing statute prohibiting "knowingly causing another to believe that the offender will cause physical harm to the person" satisfied the definition of a crime of violence (alteration and citation omitted)); *United States v. Drummond*, 240 F.3d 1333, 1337 (11th Cir. 2001) (determining that a menacing offense that required the defendant to "intentionally place[ ] or attempt[ ] to place another in fear of physical injury, serious injury, or death by displaying a deadly weapon or instrument," was a crime of violence (citation omitted)).

   **[5]** Colorado menacing is distinguishable from cases where the defendant caused injury by deception rather than physical force. The Colorado menacing statute requires the defendant to cause *fear* of injury rather than simply causing the injury itself. *Cf. United States v. Beltran-Munguia*, 489 F.3d 1042, 1046 (9th Cir. 2007) (determining that sexual abuse was not a crime of violence because the defendant could commit the offense "by surreptitiously adding to his victim's drink a drug that affects one's judgment"). The means of placing a person in fear of imminent serious bodily injury is a threat of force.

   We have only found one case holding that Colorado felony menacing is not a categorical crime of violence. *See United States v. Perez-Veleta*, 541 F. Supp. 2d 1173 (D. N.M. 2008). The district court in *Perez-Veleta* reasoned that, because Colorado defines "deadly weapon" as including materials and substances, then "one can place another in imminent fear through the use of smoke or poison," which does not necessarily include force. *Id.* at 1179 (citing C.R.S.§ 18-1-901(e)). We find *Perez-Veleta* unpersuasive. One cannot knowingly place another in fear of being poisoned without threatening to force the poison on the victim. *See De La Fuente*, 353 F.3d at 770-71 (concluding that a threat of anthrax poisoning constituted a threat of force because the defendant's "letters clearly threatened death by way of physical contact with anthrax spores").

Melchor-Meceno also argues that menacing does not constitute a crime of violence, because the offense includes holding a weapon to the side rather than pointing it at a person. This argument lacks merit. Holding a weapon to one's side constitutes a threat of physical force,[7] and a threat of physical force is sufficient to constitute a crime of violence under U.S.S.G. § 2L1.2.

**[6]** We conclude that C.R.S. § 18-3-206 requires active violent force. It requires some threat or physical action knowingly causing or attempting to cause fear of imminent serious bodily injury.

### B. *Mens Rea*

Melchor-Meceno argues that his menacing conviction is not categorically a crime of violence, because the menacing statute only requires recklessness and is missing the *mens rea* element of intentional use or threatened use of violent force.

**[7]** Melchor-Meceno failed to cite any cases demonstrating that menacing is a crime of recklessness. Rather, menacing is a general intent crime that requires the defendant to knowingly place another person in fear of imminent serious bodily harm. *See Dist. Court of Colorado's Seventeenth Judicial Dist.*, 926 P.2d at 571; *see also* C.R.S. § 18-3-206.

---

[7]The Colorado courts have held that "[b]ecause felony menacing is committed when a person knowingly places or attempts to place another in fear of imminent serious bodily injury by using or threatening use of a deadly weapon, it necessarily involves the threat of force." *People v. Montez*, No. 07CA0139, 2010 WL 961652, at *6 (Colo. Ct. App. March 18, 2010) (citing *People v. Gallegos*, 563 P.2d 937, 938-39 (Colo. 1977) (en banc)); *see also People v. Hines*, 780 P.2d 556, 559 (Colo. 1989) (en banc) (concluding that "an offender may commit felony menacing by the use of a firearm without actually pointing the firearm at another person" (internal quotation marks omitted)); *People v. Shawn*, 107 P.3d 1033, 1035 (Colo. Ct. App. 2004) (concluding that scratching and pinching the victim while stating "I'm HIV positive" constituted felony menacing).

**[8]** Therefore, the predicate offense of menacing includes the requisite *mens rea* of intent for a crime of violence. *See Grajeda*, 581 F.3d at 1197 (holding that assault, a general intent crime requiring an intentional act and actual knowledge that the act will probably result in the application of physical force, satisfies the *mens rea* requirement for a crime of violence).

## V.   CONCLUSION

**[9]** Because the Colorado menacing statute involves active violent force and satisfies the *mens rea* requirement, we hold that it is categorically a crime of violence within U.S.S.G. § 2L1.2 and that enhancement of Melchor-Meceno's sentence was proper.

Melchor-Meceno's motion to strike Appellee's Supplemental Excerpts of Record is denied.

**AFFIRMED.**