**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITES STATES OF AMERICA, | No. 11–10608 |
| Plaintiff - Appellee, | D.C. No. 4:11-cr-01234-JGZ-BPV-1 |
| v. | |
| JESUS NAVIA-PEREZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Submitted October 19, 2012[**]
San Francisco, California

Before: FISHER, TALLMAN, and CALLAHAN, Circuit Judges.

Jesus Navia-Perez ("Navia") appeals his conviction by guilty plea to illegal

reentry after deportation in violation of 8 U.S.C. § 1326. Following his guilty plea,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

Navia received a below-Guidelines sentence of 51 months in prison followed by three years of supervised release based on his offense level of 22 and criminal history category of V. This included a 16-level increase for his prior conviction of preventing/dissuading a witness by threat or force, a crime of violence pursuant to U.S.S.G. § 2L1.2(b)(1)(A). On appeal, Navia argues that the court erred in applying the 16-level crime of violence enhancement because the prior conviction of preventing/dissuading a witness by threat or force is not a crime of violence. He also contends that the district court erred in imposing two criminal history points for Navia's predicate illegal entry conviction, and in failing to establish the appropriate Guidelines range. Finally, Navia contends that his 51-month sentence is substantially unreasonable. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

**1.** Navia argues that his conviction for preventing/dissuading a witness with threat or force is not a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A) because it requires only a "knowing and malicious" mens rea, rather than an "intentional" mens rea. Because Navia conceded in the district court that his prior conviction was a crime of violence subject to the 16-level enhancement, his objection on

---

[1] Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

2

appeal is reviewed for plain error under *United States v. Olano*, 507 U.S. 725, 731-32 (1993).

Here, there was no plain error. We have held that mere recklessness or negligence are insufficient to satisfy the mens rea requirement for a crime of violence. *See United States v. Grajeda*, 581 F.3d 1186, 1190-91 (9th Cir. 2009). We have never held, however, that the knowing and malicious use or threat of force is categorically insufficient to satisfy the mens rea requirement. In fact, we have previously concluded, albeit not in the context of California Penal Code § 136.1(c)(1), that certain state felonies requiring a "knowing" or "knowing and malicious" mens rea are crimes of violence under U.S.S.G. § 2L1.2. *See, e.g.*, *United States v. Melchor-Meceno*, 620 F.3d 1180, 1184 (9th Cir. 2010) (concluding that menacing under Colorado state law, which provides that "[a] person commits the crime of menacing if, by any threat or physical action, he or she knowingly places or attempts to place another person in fear of imminent serious bodily injury," is a crime of violence under U.S.S.G. § 2L1.2); *United States v. Velasquez-Reyes*, 427 F.3d 1227, 1230 (9th Cir. 2005) (concluding that arson under Washington state law, which requires an explosion to have been "knowingly and maliciously" set, was a crime of violence because although generic arson requires a "willful and malicious burning" of property, the court

3

could discern no "meaningful distinction between 'knowing' and 'willful' in this context").

Because we have never held that the "knowing and malicious" threat or use of force is categorically insufficient to satisfy the mens rea requirement for a crime of violence, nor have we held that California Penal Code § 136.1(c)(1) is not a crime of violence, the district court did not plainly err in applying a 16-level crime of violence enhancement in this case.

**2.** The district court did not err in applying two criminal history points for Navia's predicate illegal entry conviction. Under U.S.S.G. § 4A1.1(b), a court is to add two points to a defendant's criminal history calculation "for each prior sentence of imprisonment of at least sixty days" that was not counted in subpart (a) as a sentence "exceeding one year and one month." Generally, "sentences for misdemeanors and petty offenses are counted." U.S.S.G. § 4A1.2(c)*; see also United States v. Grob*, 625 F.3d 1209, 1213 (9th Cir. 2010). Navia asserts, but fails to demonstrate, that his conviction for illegal entry is substantively similar to loitering, an excludable offense. *See* U.S.S.G. § 4A1.1(c)(2). Even if Navia had met his burden, any error was harmless because his criminal history category of V and the resulting Guidelines range would be the same even if the illegal entry conviction were not counted.

4

**3.** Navia contends that the district court "committed 'procedural error' when it failed to calculate the Guideline range." However, before imposing the sentence, the district court recognized the Guidelines range of 77-96 months. In sentencing Navia to 51 months, the district court noted that this was effectively a four-level reduction to offense level 18, which has a Guidelines range of 51-63 months. Thus, the district court properly calculated the Guidelines range. In any event, Navia has not shown a reasonable probability that a more express calculation of the Guidelines range on the record would have resulted in a different sentence. *See United States v. Dominguez Benitez*, 542 U.S. 74, 82 (2004).

**4.** Navia contends that his 51-month sentence is unreasonable because his sentence for the prior conviction on the same offense was 180 days. Navia's prior sentence for a *misdemeanor* illegal entry was not for the "exact same offense," because his current sentence is for illegal re-entry after deportation, a *felony*. Moreover, Navia's prior lenient sentence does not undermine the reasonableness of his current sentence. As Navia's counsel noted at the sentencing hearing, the prior 180-day sentence was based on a faulty Guidelines calculation that did not properly include the 16-level enhancement. Further, the district court considered the PSR and the 18 U.S.C. § 3553(a) factors in choosing a *downward* variance to a sentence it believed was fair. Navia has failed to demonstrate that the sentence is

5

unreasonable or that the district court abused its discretion.

The district court's judgment is **AFFIRMED**.