**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM ERNESTO JIMENEZ BOLANOS, | No. 11-72605 |
| *Petitioner*, | Agency No. A073-850-458 |
| v. | |
| ERIC H. HOLDER JR., Attorney General, | OPINION |
| *Respondent*. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
July 11, 2013—Pasadena, California

Filed August 21, 2013

Before: Susan P. Graber, Johnnie B. Rawlinson,
and Paul J. Watford, Circuit Judges.

Opinion by Judge Graber

## SUMMARY[*]

### Immigration

The panel dismissed William Ernesto Jimenez Bolanos's petition for review of the decision of the Board of Immigration Appeals finding him statutorily ineligible for cancellation of removal and asylum based on his conviction for brandishing a firearm in the presence of the occupant of a motor vehicle, in violation of California Penal Code § 417.3.

The panel held that CPC § 417.3 qualifies categorically as an aggravated felony crime of violence under 18 U.S.C. § 16(a), because it has as an element the threatened use of physical force against another person.

### COUNSEL

Barbara J. Darnell-Allen (argued) and Armineh Ebrahimian, Law Offices of Barbara J. Darnell, Los Angeles, California, for Petitioner.

Rebecca H. Phillips (argued), Stuart F. Delery, and Ada E. Bosque, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

GRABER, Circuit Judge:

This immigration case raises a single issue: Does a conviction under California Penal Code section 417.3 count categorically as a "crime of violence" and therefore as an "aggravated felony" because of which the convicted person is ineligible for cancellation of removal? We answer that question "yes" and, accordingly, dismiss the petition.

Petitioner William Ernesto Jimenez Bolanos is a native and citizen of El Salvador. He entered the United States as a legal permanent resident in 1999. About ten years later, Petitioner pleaded guilty to, and was therefore convicted of, brandishing a firearm in the presence of the occupant of a motor vehicle, in violation of California Penal Code section 417.3. He received a 16-month sentence plus a stayed two-year sentence because of the gang-related nature of the offense.

The Department of Homeland Security then served on Petitioner a Notice to Appear, charging that he was removable under 8 U.S.C. § 1227(a)(2)(C) because, after admission, he was convicted of a firearm offense. He admitted the factual allegations in the notice but sought cancellation of removal, asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). The immigration judge ("IJ") held that Petitioner's conviction was for a "crime of violence" as defined in 18 U.S.C. § 16, and thereby an "aggravated felony" as defined in 8 U.S.C. § 1101(a)(43)(F), making Petitioner statutorily ineligible for cancellation of removal under 8 U.S.C. § 1229b(a)(3) and for asylum under 8 U.S.C. § 1158(b)(2)(A)(ii) and (b)(2)(B)(I).

Further, the IJ denied withholding of removal and CAT relief on the merits.

Petitioner appealed to the Board of Immigration Appeals ("BIA"). His sole challenge to the IJ's decision concerned the IJ's ruling that the conviction under section 417.3 qualified as a crime of violence and, therefore, as an aggravated felony.[1] The BIA affirmed the IJ's conclusion but issued its own reasoned decision. Among other things, the BIA relied on *both* 18 U.S.C. § 16(a) *and* 18 U.S.C. § 16(b), writing that

> the nature of brandishing a firearm in a threatening manner against an individual, who is in the confined space of a moving vehicle, with close enough proximity that a reasonable person would apprehend or fear bodily harm, threatens the use of physical force and presents a substantial risk that physical force may be used against the person or property of another in the course of committing the offense.

This timely petition for review followed. Because the BIA issued its own decision without incorporating the IJ's, we review only the BIA's decision. *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006). Under 8 U.S.C. § 1252(a)(2)(C), we lack jurisdiction to consider a challenge to the removal order that rests on a firearm conviction. But

---

[1] Specifically, Petitioner did not challenge the fact or validity of his conviction; nor did he challenge the IJ's categorization of it as a firearm offense, making him removable; nor did he continue to seek asylum or CAT protection.

we retain jurisdiction to decide our own jurisdiction and to resolve questions of law. *Malilia v. Holder*, 632 F.3d 598, 601–02 (9th Cir. 2011); 8 U.S.C. § 1252(a)(2)(D). We review those questions of law de novo. *Madrigal v. Holder*, 716 F.3d 499, 503 (9th Cir. 2013).

To be convicted under section 417.3, the defendant must "draw[] or exhibit[] any firearm . . . in a threatening manner against another person [who is an occupant of a motor vehicle proceeding on a public street or highway] in such a way as to cause a reasonable person apprehension or fear of bodily harm." Thus the statute requires that the defendant (1) intentionally draw or exhibit a firearm (2) in a threatening way (3) against a person occupying a motor vehicle on a public road (4) in such a way that a reasonable target of the threat actually would fear bodily harm. Because of those requirements—including the intentional display of a firearm in a threatening manner, the proximity of the armed person to another person, and the creation of a reasonable fear that bodily injury will result—section 417.3 has as an element the "threatened use of physical force against the person . . . of another." 18 U.S.C. § 16(a). An actual use of force is not required.

The present case fits easily within the analysis set out in our previous cases that have defined crimes of violence.

In *Reyes-Alcaraz v. Ashcroft*, 363 F.3d 937, 941 (9th Cir. 2004), we held that a conviction for exhibiting a deadly weapon with intent to evade arrest, under California Penal Code section 417.8—a neighboring section of the same state statute at issue here—is categorically a crime of violence and, therefore, categorically an aggravated felony. Such a crime

necessarily involves a threatened use of force and thus qualifies as a crime of violence under 18 U.S.C. § 16(a). *Id.*

Other circuits agree in similar circumstances. *See United States v. King*, 673 F.3d 274, 279–80 (4th Cir.) (holding that a conviction for pointing and presenting a firearm in a threatening manner categorically qualifies as a crime of violence because it has as an element the threatened use of physical force against another), *cert. denied*, 133 S. Ct. 216 (2012); *United States v. Pulliam*, 566 F.3d 784, 788 (8th Cir. 2009) ("It goes without saying that displaying an operational weapon before another in an angry or threatening manner qualifies as threatened use of physical force against another person."); *United States v. Lane*, 252 F.3d 905, 907–08 (7th Cir. 2001) ("The active use of a gun is a crime of violence in a way that mere possession of it, even if criminal, is not.").

Similarly, in *United States v. Melchor-Meceno*, 620 F.3d 1180, 1186 (9th Cir. 2010), we held that Colorado's felony menacing statute was categorically a crime of violence for sentencing purposes. We reasoned that knowingly placing another person in fear by menacing with a deadly weapon contains as an element the threatened use of force. *Id.* at 1185. That was so even though the perpetrator need not intend to use force, as distinct from threatening to use force. *Id.* at 1184–86.

Other cases also support our conclusion that using a firearm to place a victim in fear of bodily harm necessarily includes a threatened use of force. *See United States v. Jennen*, 596 F.3d 594, 602 (9th Cir. 2010) ("[P]lacing someone in apprehension of bodily harm with the specific intent of so doing while using a deadly weapon requires a threatened use of physical force." (internal quotation marks

omitted)); *United States v. De la Fuente*, 353 F.3d 766, 770 (9th Cir. 2003) ("[W]e have held that a criminal statute requiring the creation and use of a 'fear of . . . unlawful injury' includes the element of a 'threatened use of physical force.'" (ellipsis in original) (quoting *United States v. David H.*, 29 F.3d 489, 494 (9th Cir. 1994) (per curiam))).

*Covarrubias Teposte v. Holder*, 632 F.3d 1049 (9th Cir. 2011), is distinguishable on two important grounds. First, we examined only whether the crime fit the definition of 18 U.S.C. § 16(b). The BIA "did not address § 16(a)." *Covarrubias Teposte*, 632 F.3d at 1052. For that reason, we expressly declined to address the possible application of § 16(a). *Id.* By contrast, here, we rest our holding only on § 16(a).

Second, the statute at issue in *Covarrubias Teposte* differs significantly from the one that we are now analyzing. California Penal Code section 246 prohibits discharging a firearm at an inhabited house, housecar, or camper, or at an occupied building, motor vehicle, or aircraft. That statute defines "inhabited" to mean currently used for a dwelling purpose, whether or not actually occupied. *Id.* at 1053–54. Thus, under the categorical approach, we noted that a person could be convicted under section 246 merely by shooting recklessly in close proximity to an empty house. *Id.* at 1054–55. By contrast, here, to be convicted under section 417.3 the defendant must draw or exhibit a firearm *against another person*, and a reasonable person in his or her shoes must *fear bodily harm*.

We reject Petitioner's argument that section 417.3 is broader than 18 U.S.C. § 16(a) because section 417.3 requires a lower degree of intent and, therefore, covers reckless and

negligent conduct. "When interpreting a statute, we must give words their ordinary or natural meaning." *Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004) (internal quotation marks omitted). Although, in theory, a person could recklessly or negligently draw or exhibit a firearm in a threatening manner against another person, "it is much less natural" to read section 417.3 as covering such conduct. *Id.* Put simply, drawing or exhibiting a firearm in a *threatening* way against another person is inconsistent with conduct that is merely reckless or negligent.

Finally, Petitioner has cited *Descamps v. United States*, 133 S. Ct. 2276 (2013), in support of his argument that the BIA should have used the modified categorical approach to determine whether he was convicted of a crime of violence. But *Descamps* held that the modified categorical approach does *not* apply to statutes, such as section 417.3, that contain "a single, indivisible set of elements." *Id.* at 2282.

In summary, California Penal Code section 417.3 qualifies categorically as a crime of violence under 18 U.S.C. § 16(a). For that reason, Petitioner is an aggravated felon who is ineligible for cancellation of removal under 8 U.S.C. § 1229b(a)(3).

**Petition DISMISSED.**