NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0962n.06

No. 12-4346

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Nov 07, 2013
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,

    Plaintiff- Appellee,

v.

GABRIEL BARNETT,

    Defendant- Appellant.

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO

_____/

BEFORE:    MOORE, CLAY, and WHITE, Circuit Judges.

    **CLAY, Circuit Judge.** Defendant Gabriel Barnett appeals his 15-year sentence that was imposed pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). He argues that two of his prior offenses—Ohio domestic violence felonies—do not qualify as ACCA predicate offenses because the original convictions were misdemeanors which were enhanced to felonies only by virtue of a recidivism statute under Ohio law. However, as the district court held, our precedent clearly establishes that such offenses, if sufficiently violent, can qualify as ACCA predicates.

    For the following reasons, we **AFFIRM** the Defendant's sentence.

## BACKGROUND

### A.    Factual Background

On November 1, 2011, Defendant Gabriel Barnett was approached by officers while standing in a Cleveland, Ohio apartment complex widely known for drug trafficking. Officers asked Defendant for his identification, which he provided. Defendant then admitted to possessing marijuana, and when the police officers inquired further about whether Defendant had any other contraband on his person, he admitted to possessing a firearm.

### B.    Procedural History

In December 2011, a federal grand jury returned a one-count indictment against Defendant for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The government later filed an Information setting forth Defendant's three prior state convictions that it contends qualify as predicate offenses under the ACCA, 18 U.S.C. § 924(e): assault on a peace officer in May 2002, and two domestic violence convictions in August 2006 and September 2008. In June 2012, Defendant pleaded guilty to the one-count indictment, conceding that he had been convicted of the felony offenses set forth in the indictment, and that the firearm he possessed traveled in and affected interstate commerce. Defendant's Presentence Investigation Report ("PSR") recommended the ACCA enhancement, which mandates a minimum sentence of 15 years in prison.

Defendant lodged several objections to the PSR, including two challenges to the ACCA enhancement. Defendant argued that the enhancement did not apply because his domestic violence charges under Ohio Revised Code § 2919.25 were originally misdemeanors enhanced to felonies simply by a recidivism statute as opposed to more violent conduct, and because Ohio's domestic

violence statute does not require violent conduct akin to the enumerated offenses of the ACCA.

Second, Defendant argued that application of the ACCA's 15-year mandatory minimum violated the Eighth Amendment because he suffers from schizophrenia.

The district court rejected both arguments. It found that our precedent plainly rejects Defendant's claim that the Eighth Amendment should bar application of the ACCA where the defendant suffers from a mental disorder and, moreover, Defendant's criminal history even without the enhancement belied his gross-disproportionality claim. The district court also found that precedent compelled its rejection of Defendant's contention that convictions which are felonies only by virtue of a recidivism statute cannot qualify as ACCA predicate felonies. The court applied a modified categorical analysis to review the indictments for the domestic violence convictions, both of which state that Defendant "knowingly cause[d] or attempt[ed] to cause physical harm to a family or household member." (R.30, Indictments, PID# 159, 163.) Based on the indictments, the district court found that the convictions qualified as ACCA predicate offenses, and imposed the mandatory minimum sentence of 15 years. On appeal, Defendant argues only that his domestic violence convictions do not count as ACCA predicate offenses.

## DISCUSSION

### A. Standard of Review and Statutory Framework

This Court reviews the district court's ACCA predicate offense determination *de novo*. *United States v. Benton*, 639 F.3d 723, 729 (6th Cir. 2011). Although the maximum sentence for a felon-in-possession charge under 18 U.S.C. § 922(g)(1) is typically ten years' imprisonment, the ACCA provides for a mandatory minimum sentence of fifteen years where a defendant has three or

3

more prior convictions for a "violent felony" or a "serious drug offense." *Id.* § 924(e)(1). The ACCA defines a "violent felony" as

> any crime punishable by imprisonment for a term exceeding one year . . . that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

*Id.* § 924(e)(2)(B). In other words, a prior offense that is punishable by more than one year of imprisonment must fall within one of three categories to qualify as an ACCA predicate offense: crimes having an element of "physical force"—"force capable of causing physical pain or injury"—as in subsection (i), *Johnson v. United States*, 559 U.S. 133, 140 (2010); crimes that are one of the enumerated offenses in subsection (ii); or crimes that present a "potential risk of physical injury similar to that presented by" the enumerated offenses of subsection (ii). *Sykes v. United States*, 131 S. Ct. 2267, 2277 (2011).

To determine whether a prior conviction qualifies as an ACCA predicate offense, we employ what is called the "categorical approach" to determine whether the crime falls under one of the above-mentioned categories. *See Taylor v. United States*, 495 U.S. 575, 600-02 (1990). If, however, it is possible to violate the statute in a way that would constitute a "violent felony" and in way that would not, we then apply the "modified categorical approach," in which we consider certain judicial records—such as the indictment, jury instruction, plea agreement, and plea colloquy—to assess whether the defendant pleaded guilty to a narrowed charge that would qualify as a violent felony. *See United States v. Gibbs*, 626 F.3d 344, 352 (6th Cir. 2010) (citing *Shepard v. United States*, 544 U.S. 13, 26 (2005)). These documents are used "to determine *which* crime

4

within a statute the defendant committed, not *how* he committed the crime." *United States v. Soto-Sanchez*, 623 F.3d 317, 320 (6th Cir. 2010) (emphasis in original, quotation marks omitted); *see also Descamps v. United States*, 133 S. Ct. 2276, 2283-85 (2013).

### B.      Analysis

Defendant's challenge on appeal is two-fold.   He claims that his domestic violence convictions under Ohio Revised Code § 2919.25 do not qualify as violent felonies under the ACCA because: 1) misdemeanor crimes enhanced to felonies by virtue of a recidivism statute as opposed to more violent conduct do not qualify as ACCA predicate offenses; and 2) the statutory definition of domestic violence under Ohio law does not require sufficiently violent conduct to fall under one of the three ACCA categories.  We address each assertion in turn.

### 1.      Recidivism Enhancements and the ACCA

As noted by the district court, we have already rejected Defendant's first argument.  In *United States v. Kearney*, 675 F.3d 571 (6th Cir. 2012), the defendant's domestic violence convictions under Michigan law were originally misdemeanors, carrying a maximum possible prison term of only 93 days, that were enhanced to felonies with a two-year maximum sentence due to a recidivism statute under Michigan law. *Id.* at 573.  The defendant in *Kearney* similarly argued that the felony enhancements should be disregarded for purposes of the ACCA and that those convictions should be considered as though he was sentenced only on the base offense conduct, i.e., the misdemeanor offense. *Id*.  We relied on *United States v. Rodriquez*, 553 U.S. 377 (2008), to hold that Congress likely took into consideration pre-existing sentencing schemes such as state recidivism statutes when it drafted the ACCA and, thus, it defined the ACCA predicate offenses with reference

to such enhancements. *Kearney*, 675 F.3d at 576-77. Although *Rodriquez* held that felony enhancements that applied to drug offenses under state recidivism statutes were properly considered when assessing whether such offenses were "serious drug offenses" under the ACCA, we held in *Kearney* that *Rodriquez* nonetheless guided our ruling because the ACCA's violent felony provision closely tracked the language of the serious drug offense provision. *See id.*

Defendant's reliance on the Supreme Court's decision in *Johnson v. United States*, 559 U.S. 133 (2010), to assert that *Kearney* was wrongly decided is also without merit. *Johnson* cautions courts not to equate the common law meaning of "physical force," which includes mere touching, with the ACCA's meaning of "physical force" to define a violent felony. *See Johnson*, 559 U.S. at 141-42. However, *Johnson* did not hold that conduct which defines a misdemeanor offense could not rise to the level of "physical force" as defined under the ACCA if such an offense is enhanced to a felony. As we explained in *Kearney*, close adherence to Supreme Court precedent defining violent felonies under the ACCA should prevent courts from improperly counting convictions as ACCA predicate offenses. *Kearney*, 675 F.3d at 578. What the *Johnson* Court left undecided—whether felonies resulting from recidivism statutes should qualify under the ACCA—this Court in *Kearney* expressly answered in the affirmative, and this panel is bound by that decision. *See, e.g.*, *United States v. Simpson*, 520 F.3d 531, 540-41 (6th Cir. 2008).

### 2. Ohio's Domestic Violence Statute and the ACCA

We now turn to evaluating whether Defendant's domestic violence convictions qualify as violent felonies. We hold that they do. The Ohio domestic violence statute at issue here criminalizes in relevant part the following conduct:

(A) "knowingly caus[ing] or attempt[ing] to cause physical harm to a family or household member";

(B) "recklessly caus[ing] serious physical harm to a family or household member"; and

(C) "by threat of force, . . . knowingly caus[ing] a family or household member to believe that the offender will cause imminent physical harm to the family or household member."

Ohio Rev. Code § 2919.25(A)-(C). While such conduct is generally a misdemeanor, *see id*. § 2919.25(D)(2), Ohio's domestic violence statute has a recidivism provision through which a defendant who has been convicted of two or more domestic violence offenses (or other listed offenses), receives a third-degree felony conviction for a violation of subsection (A) or (B), *see id*. § 2919.25(D)(4). Under Ohio law, a third-degree felony conviction of this kind carries a maximum term of thirty-six months in prison. *See id*. § 2929.14(A)(3)(b).

In the instant case, Defendant had four domestic violence convictions arising from different conduct on different dates: April 2002; June 2003; May 2006; and September 2007. Consequently, the May 2006 and September 2007 offenses were enhanced to third-degree felonies pursuant to Ohio's recidivism provision.

Looking first to the statutory elements under the categorical approach, *see Descamps*, 133 S. Ct. at 2283, we agree with the district court that the statute could be violated in a way that satisfies the ACCA and in a way that does not. In order to satisfy clause (i) of the ACCA, the "physical force" threatened, attempted or actualized must be violent force; that is, "force capable of causing pain or injury to another person." *Johnson*, 559 U.S. at 140. It is clear that Ohio Rev. Code § 2919.25(A) and (C) meet this standard. While the statute does not expressly include

7

physical force as a stand-alone element, subsection (A) does require a defendant to "knowingly cause or attempt to cause physical harm to a family or household member." Ohio Rev. Code § 2919.25(A). "Physical harm" means "any injury, illness or other physiological impairment, regardless of its gravity or duration." *Id.* § 2901.01(A)(3). We recently held in the context of Ohio's aggravated assault statute, Ohio Rev. Code § 2903.12(A)(1)-(2), that the requirement of physical harm under Ohio law necessarily requires proof that the defendant used violent force. *United States v. Anderson*, 695 F.3d 390, 399-401 (6th Cir. 2012) (collecting cases) (explaining that even deceit or fraud on the will of a victim, such as poisoning, is equivalent to the use of force); *see also United States v. Vinton*, 631 F.3d 476, 485-86 (8th Cir. 2011) (concluding that second-degree-assault statute under Missouri law, which similarly requires only that a defendant "attempted to cause, or knowingly caused, physical injury to another person," meets the "physical force" requirement of the parallel sentencing Guideline). The rule in *Anderson* compels the conclusion that § 2919.25(A) meets the "physical force" definition because the section's requirement of a physiological impairment, or showing that such an injury was attempted, necessarily requires the showing of a force capable of causing pain or injury under *Johnson*.

Section 2919.25(C) expressly requires a defendant to create a fear of "imminent physical harm" through the "threat of force." Because "threat of force" means to threaten "violence, compulsion or constraint physically exerted by any means," Ohio Rev. Code § 2901.01(A)(1), this inquiry is even more clear. We cannot conceive of a situation where the threat of physical injury by use of physical violence, compulsion or constraint would not meet the ACCA's requirement of physical force under clause (i). *Cf. United States v. Melchor-Meceno*, 620 F.3d 1180, 1186 (9th Cir.

8

2010)[1] ("One cannot knowingly place another in fear of being poisoned . . . without threatening to force the poison on the victim."); *United States v. Forrest*, 611 F.3d 908, 911 (8th Cir. 2010) ("A threat that creates a fear 'of imminent serious bodily injury' is a threat of physical force.").

What prevents our inquiry from ending here is § 2919.25(B). Under subsection (B), Ohio law criminalizes reckless conduct that leads to physical harm, which would not qualify as an ACCA predicate offense. *See United States v. McMurray*, 653 F.3d 367, 375 (6th Cir. 2011) ("[W]e conclude that the 'use of physical force' clause of the ACCA, § 924(e)(2)(B)(i), requires more than reckless conduct.") Accordingly, we must decide this case under the modified categorical approach. Upon review of the indictments in both the May 2006 and September 2007 offenses, we note that Defendant pleaded guilty to charges that he "knowingly caused or attempted to cause physical harm to . . . a family or household member." (R.30, PID# 159, 163.) These charges track the language of § 2919.25(A), which falls under clause (i) of the ACCA to qualify both domestic violence offense convictions as predicate offenses. Accordingly, we find that Defendant's sentence was properly enhanced under the ACCA.

For the foregoing reasons, we **AFFIRM** Defendant's sentence.

---

[1]Although *United States v. Melchor-Meceno*, 620 F.3d 1180 (9th Cir. 2010) considered "crime of violence" in the context of the United States Sentencing Guideline § 2L1.2, the Guidelines definition tracks in pertinent part that of a violent felony under the ACCA. *See United States v. Rede-Mendez*, 680 F.3d 552, 555 n.2 (6th Cir. 2012).

**KAREN NELSON MOORE, concurring.** I write separately because I do not believe that an individual necessarily uses physical force when causing a physical injury. *See United States v. McMurray*, 653 F.3d 367, 374 n.6 (6th Cir. 2011). Accordingly, I subscribe to the analysis set forth in Judge White's concurring opinion. However, because I believe this panel is bound by *United States v. Anderson*, 695 F.3d 390 (6th Cir. 2012), which held that "one can knowingly cause serious physical harm to another only by knowingly using force capable of causing physical pain or injury," *id.* at 400 (internal quotation marks omitted), I join the majority opinion. The Supreme Court has granted a writ of certiorari in *United States v. Castleman*, 695 F.3d 582 (6th Cir. 2012), *cert. granted*, 81 U.S.L.W. 3672 (2013), and may resolve the difficult questions that this case poses.

No. 12-4346

**HELENE N. WHITE, Circuit Judge,** concurring. Although I agree with the majority that Barnett's domestic violence felonies are violent felonies under the Armed Career Criminal Act (ACCA), I write separately to express my disagreement with the majority's conclusion that "the requirement of physical harm under Ohio law necessarily requires proof that the defendant used violent force." Maj. Op. at 8.

Ohio's domestic violence statute requires that an individual "knowingly cause or attempt to cause physical harm," or threaten "imminent physical harm" to a family or household member. Ohio Rev. Code § 2919.25(A), (C). "Physical harm to persons" is defined as "any injury, illness, or other physiological impairment, regardless of its gravity or duration." Ohio Rev. Code § 2901.01(A)(3). In order to satisfy the first prong of the ACCA, the use, threatened use or attempted use of physical force must be an element of the offense. 18 U.S.C. § 924(e)(2)(B)(i). However, in *Johnson v. United States*, the Supreme Court stated that "it [is] clear that in the context of a statutory definition of '*violent* felony,' the phrase 'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person." 559 U.S. 133, 140 (2010) (emphasis in original). As I explained in my concurrence in *United States v. Anderson*, 695 F.3d 390, 403–406 (6th Cir. 2012), although serious physical injury often results from the use of physical force, it can also occur in the absence of any physical force being used. For example, a surreptitious poisoning by one spouse of another may cause an "injury" or "illness," and therefore constitute "physical harm" under the Ohio domestic violence statute without involving any physical force by

11

the offender.[1]  *See* Ohio Rev. Code §§ 2901.01(A)(3); 2919.25(A), (C).  Thus, Ohio's domestic violence statute can be violated in a way that does not require violent physical force, and therefore Barnett's domestic violence convictions are not "violent felon[ies]" under 18 U.S.C. § 924(e)(2)(B)(i).

Nevertheless, I agree that Barnett's domestic violence convictions are violent felonies under the ACCA's residual clause because they involve "conduct that presents a serious potential risk of physical injury to another."  *Id.* § 924(e)(2)(B)(ii).  As stated above, Ohio's domestic violence statute requires that the offender "knowingly cause or attempt to cause physical harm," or threaten "imminent physical harm" to a family or household member.  Ohio Rev. Code § 2919.25(A), (C).  Such conduct presents a "serious potential risk of physical injury to another" as it requires "physical harm" to either be caused, attempted, or threatened.  Further, the domestic violence statute involves the type of purposeful, violent and aggressive conduct required by *Begay v. United States*, 553 U.S. 137, 144–45 (2008).  Thus, Barnett's domestic violence convictions are properly classified as "violent felon[ies]" under 18 U.S.C. § 924(e)(2)(B)(ii).

Accordingly, I concur.

---

[1]For the reasons I discussed in *Anderson*, I do not find persuasive the majority's citation to cases discussing deceit or fraud on the will of a victim as equivalent to the use of violent force. *Anderson*, 695 F.3d at 404–05.