**NOT FOR PUBLICATION**

FILED

MAR 22 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PABLO FRANCISCO PALACIOS-GOMEZ,

Defendant - Appellant.

No. 13-50132

D.C. No. 3:12-cr-02572-IEG-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Irma E. Gonzalez, Senior District Judge, Presiding

Argued and Submitted August 8, 2014
Pasadena, California

Submission Vacated September 8, 2014
Submission Vacated June 15, 2015
Resubmitted March 22, 2016

Before: WARDLAW, CALLAHAN, and M. SMITH, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Pablo Francisco Palacios-Gomez ("Palacios") appeals his conviction for illegal reentry under 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not err in denying Palacios's motion to dismiss the indictment under 8 U.S.C. § 1326(d). To collaterally attack the validity of his prior removal order, Palacios must show, among other things, that "the entry of the order was fundamentally unfair." *Id.* § 1326(d)(3). "An underlying removal order is fundamentally unfair if (1) an alien's due process rights were violated by defects in the underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects." *United States v. Pallares-Galan*, 359 F.3d 1088, 1095 (9th Cir. 2004) (internal quotation marks omitted). Because Palacios's 2005 conviction for aggravated robbery under Texas Penal Code § 29.03 is an aggravated felony "crime of violence" under the modified categorical approach, his prior removal on the basis of that conviction was not fundamentally unfair.

A conviction for aggravated robbery under Texas Penal Code ("TPC") § 29.03 is not categorically a crime of violence. TPC § 29.03 does not have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a). Nor is the offense categorically a crime of violence under 18 U.S.C. § 16(b), which encompasses any offense that

2

"by its nature, involves a substantial risk that physical force" will be used in commission of the crime.[1] TPC § 29.03 expressly incorporates, as a predicate offense, robbery as defined in TPC § 29.02. The definition of robbery includes as an element "intentionally, knowingly, *or recklessly* caus[ing] bodily injury to another." *Id.* § 29.02(a)(1) (emphasis added). Read in conjunction, TPC §§ 29.02 and 29.03 make clear that a defendant who recklessly causes serious bodily injury to another while in the course of committing theft may be convicted of aggravated robbery. Thus, because aggravated robbery can be committed with the *mens rea* of recklessness, it is not a categorical match for 18 U.S.C. § 16(b)'s definition of crime of violence. *See Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1132 (9th Cir. 2006) (en banc) (holding that the generic definition of crime of violence excludes "offenses committed through the reckless, or grossly negligent, use of force").

Nonetheless, Palacios's conviction is a crime of violence under the modified categorical approach. We may employ this approach because TPC § 29.03 is a divisible statute. *See Descamps v. United States*, 133 S. Ct. 2276, 2282 (2013). The disjunctive phrasing of TPC § 29.02(a), Palacios's conviction documents, and

---

[1] In *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015), we held that 18 U.S.C. § 16(b) is unconstitutionally vague. *Id.* at 1120. Palacios has not challenged his prior removal order based on the unconstitutionality of § 16(b), and we do not address the validity of § 16(b) in this disposition.

Texas courts' construction of TPC § 29.03 demonstrate the divisibility of the statute of conviction. *See generally Almanza-Arenas v. Lynch*, Nos. 09-71415, 10-73715, 2016 WL 766753, at *4–8 (9th Cir. Feb. 29, 2016). In addition, because our inquiry into fundamental unfairness requires us to determine whether Palacios was prejudiced as a result of defects in his removal proceedings, we may review noticeable documents from his record of conviction even if those documents were never introduced at his removal hearing. *See United States v. Bustos-Ochoa*, 704 F.3d 1053, 1056–57 (9th Cir. 2012).

Palacios's indictment and plea colloquy confirm that he acted with at least the *mens rea* of knowledge, and thus rule out the possibility that he was convicted under a non-generic version of TPC § 29.03. Knowledge is a sufficiently culpable mental state to qualify as crime of violence. *See United States v. Melchor-Meceno*, 620 F.3d 1180, 1184 (9th Cir. 2010) (holding that a Colorado menacing statute "includes the requisite *mens rea* of intent for a crime of violence" under U.S.S.G. § 2L1.2 because it "requires the defendant to knowingly place another person in fear of imminent serious bodily harm"). Hence, Palacios's conviction under TPC § 29.03 is an aggravated felony crime of violence, and his prior removal on the basis of that conviction was not fundamentally unfair.

4

Because we affirm Palacios's conviction for illegal reentry, his "bundled" sentence has not become "unbundled," and we need not vacate his sentence for false claim of citizenship under 18 U.S.C. § 911. *Cf. United States v. Bennett*, 363 F.3d 947, 955 (9th Cir. 2004) ("When a defendant is sentenced on multiple counts and one of them is later vacated on appeal, the sentencing package comes 'unbundled,'" and the entire sentence must be vacated. (citation omitted)).

**AFFIRMED.**