NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 21 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MILTON IVAN GARCIA, AKA Milton Garcia,<br><br>     Petitioner,<br><br> v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>     Respondent. | No. 13-71856<br><br>Agency No. A095-002-701<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 7, 2016
Pasadena, California

Before: GOULD, MELLOY[**], and HURWITZ, Circuit Judges.

Milton Ivan Garcia petitions for review from the dismissal by the Board of

Immigration Appeals ("BIA") of his appeal of an order of removal. Garcia

challenges the denial of his applications for asylum, withholding of removal, and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Michael J. Melloy, Senior Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

deferral of removal under the Convention Against Torture ("CAT").  We dismiss the petition in part and deny in part.

1.　　Garcia pleaded guilty to felony assault with a firearm in violation of Cal. Penal Code § 245(a)(2), and shooting at an unoccupied vehicle in violation of Cal. Penal Code § 247(b), and was sentenced to a total of twelve years on the assault conviction.  The assault conviction was an aggravated felony.  *United States v. Heron-Salinas*, 566 F.3d 898, 899 (9th Cir. 2009) (A "conviction for assault with a firearm under California Penal Code section 245(a)(2) is categorically a 'crime of violence' and an 'aggravated felony' for immigration purposes.").  It is therefore a basis for removal.  8 U.S.C. § 1227(a)(2)(A)(iii).  It is also a "particularly serious crime," 8 U.S.C. § 1158(b)(2)(B)(i), which makes Garcia ineligible for asylum, 8 U.S.C. §§ 1158(b)(2)(A)(ii).  "Under 8 U.S.C. § 1252(a)(2)(C), we lack jurisdiction to consider a challenge to the removal order that rests on a firearm conviction.  But we retain jurisdiction to decide our own jurisdiction and to resolve questions of law."  *Bolanos v. Holder*, 734 F.3d 875, 876 (9th Cir. 2013).  Garcia raises no issue about our jurisdiction and poses no question of law with respect to his asylum claim, and we therefore dismiss that portion of his petition.

2.　　Withholding of removal is also not available to an alien convicted of a "particularly serious crime."  8 U.S.C. § 1231(b)(3)(B)(ii).  For purposes of

2

withholding, "an alien who has been convicted of an aggravated felony (or felonies) for which the alien has been sentenced to an aggregate term of imprisonment of at least 5 years shall be considered to have committed a particularly serious crime." 8 U.S.C. § 1231(b)(3)(B).

Garcia's assault conviction is categorically an aggravated felony. *Heron-Salinas*, 566 F.3d at 899. Because his sentence for that conviction, without enhancements, was only three years, he argues that the conviction was not for a particularly serious crime under § 1231(b)(3)(B). But, the five-year inquiry focuses on the "*aggregate* term of imprisonment." 8 U.S.C. § 1231(b)(3)(B) (emphasis added). The BIA does not abuse its discretion when it considers non-recidivism sentencing enhancements in analyzing the "sentence imposed." *Konou v. Holder*, 750 F.3d 1120, 1127–28 (9th Cir. 2014). Garcia's twelve-year sentence for assault included non-recidivism enhancements for committing the crime in connection with a criminal street gang and for using a firearm. The BIA thus made a correct legal determination that Garcia's assault conviction was "statutorily a particularly serious crime," and we also dismiss the petition insofar as it challenges the denial of withholding. *See* 8 U.S.C. § 1252(a)(2)(C); *Bolanos*, 734 F.3d at 876.

**3.** Garcia argues that, under the factors articulated in *Matter of Frentescu*, 18 I. & N. Dec. 244 (B.I.A. 1982), his assault conviction was not a "particularly serious crime." But, given the BIA's conclusion that the conviction

3

was statutorily a "particularly serious crime," the agency had no occasion to consider whether it was also one as a discretionary matter.

4. Garcia also argues that the IJ erred in finding that he has not established that it is more likely than not that he will be subjected to torture upon return to El Salvador or, in the alternative, the government will not acquiesce in his torture. Because the IJ denied Garcia's CAT claim "on the merits," we have jurisdiction to review that decision. *Edu v. Holder*, 624 F.3d 1137, 1141–42 (9th Cir. 2010) ("We note that the jurisdiction-stripping provision of 8 U.S.C. § 1252(a)(2)(C) does not deprive us of jurisdiction over denials of deferral of removal under the CAT, which are always decisions on the merits." (alteration and citation omitted)). But, we find that the record does not compel a conclusion contrary to the IJ's decision. *See INS v. Elias-Zacharias*, 502 U.S. 478, 483–84 (1992) (holding that the record must "compel[]" a contrary conclusion "to permit reversal of a BIA finding"). We therefore deny this portion of the petition.

**PETITION DISMISSED IN PART, DENIED IN PART.**