**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANCELMO NUNEZ-VILLAREAL, | No.   14-73609 |
| Petitioner, | Agency No. A072-298-698 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2018**
Pasadena, California

Before:  BERZON, FISHER,*** and WATFORD, Circuit Judges.

Petitioner Ancelmo Nunez-Villareal, a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' (BIA) order dismissing his appeal

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

from an immigration judge's (IJ) decision to terminate proceedings as improvidently begun. Our jurisdiction is governed by 8 U.S.C. § 1252. Although jurisdiction is at issue, this Court "retain[s] jurisdiction to decide our own jurisdiction," and such a review is *de novo*. *Bolanos v. Holder*, 734 F.3d 875, 876 (9th Cir. 2013). "We review *de novo* the BIA's determination of legal questions, but we review the BIA's findings of fact for substantial evidence and uphold them unless the evidence compels a contrary result." *Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014). We lack jurisdiction and dismiss the petition for review.

At the outset, we must recognize that "[t]he carefully crafted congressional scheme governing review of decisions of the BIA limits this court's jurisdiction to the review of final orders of removal." *Alcala v. Holder*, 563 F.3d 1009, 1013 (9th Cir. 2009) (citing 8 U.S.C. § 1252(a)). Here, the BIA upheld the IJ's decision to terminate proceedings as improvidently begun because Petitioner was subject to an unexecuted Order of Exclusion. As a result, Nunez-Villareal is not appealing from a final order of removal or from a reinstatement of removal order. Rather, he appeals from a dismissal, and "[b]ecause an order dismissing removal proceedings is not an order of removal, we lack jurisdiction over [Nunez-Villareal's] petition[] for review." *Id.*

Nunez-Villareal's arguments that (1) the IJ erred in determining he never

2

self-deported, and (2) his due process rights were violated when he was not permitted to testify at a hearing, whatever their merit, do not affect the limits of our jurisdiction.

**PETITION FOR REVIEW DISMISSED.**