**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

<table>
<tr><td>

UNITED STATES OF AMERICA,
     *Plaintiff-Appellee*,

v.

JUSTIN CURTIS WERLE,
     *Defendant-Appellant.*

</td><td>

No. 16-30181

D.C. No.
2:14-cr-00041-
JLQ-1

OPINION

</td></tr>
</table>

Appeal from the United States District Court
for the Eastern District of Washington
Justin L. Quackenbush, Senior District Judge, Presiding

Submitted December 5, 2017[*]
Seattle, Washington

Filed December 13, 2017

Before: Diarmuid F. O'Scannlain, Richard C. Tallman, and
Paul J. Watford, Circuit Judges.

Per Curiam Opinion

---

[*] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

## SUMMARY[**]

### Criminal Law

The panel affirmed the district court's imposition of a sentence enhancement under U.S.S.G. § 2K2.1(a) based on the defendant's prior convictions for felony harassment under Washington Revised Code § 9A.46.020(2)(b)(ii).

The panel held that because a conviction under § 9A.46.020(2)(b)(ii) necessarily includes a "threatened use of physical force against the person of another," a conviction under that section is categorically a crime of violence under § 2K2.1(a)(1).

### COUNSEL

Matthew Campbell, Federal Defenders of Eastern Washington & Idaho, Spokane, Washington, for Defendant-Appellant.

Michael C. Ormsby, United States Attorney; Timothy J. Ohms, Assistant United States Attorney; United States Attorney's Office, Spokane, Washington; for Plaintiff-Appellee.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

# OPINION

PER CURIAM:

We must decide whether a Washington state conviction for felony harassment constitutes a crime of violence under the Federal Sentencing Guidelines.

I

In March of 2014, Justin Curtis Werle was indicted in the Eastern District of Washington for the unlawful possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1), and possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d). Werle pled guilty to both counts against him, and a sentencing hearing was held later that year.

The district court found that Werle had seven prior qualifying convictions under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA), and was therefore subject to a fifteen-year mandatory minimum sentence. This finding was based in part on the district court's determination that the Washington riot statute is categorically a violent felony for the purposes of the ACCA. A different panel of this court held that the Washington riot statute is not categorically a violent felony, and the case was remanded for resentencing in light of the opinion. *United States v. Werle*, 815 F.3d 614, 623 (9th Cir. 2016).

On remand, the district court imposed a sentence enhancement under U.S.S.G. § 2K2.1(a) due to Werle's prior convictions for felony harassment via a threat to kill under Washington Revised Code § 9A.46.020(2)(b)(ii), finding that those convictions were crimes of violence. The district court then calculated Werle's sentencing guideline

range to be between 130 and 162 months, and concluded that a total sentence of 140 months was appropriate.

Werle timely appealed.

## II

Werle argues that the district court erred in concluding that his convictions for felony harassment under § 9A.46.020(2)(b)(ii) were crimes of violence.[1]

## A

For certain convictions involving firearms, the Federal Sentencing Guidelines provide for a sentence enhancement if the defendant has "at least two [prior] felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a). A crime of violence is defined, in relevant part, as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another . . . ." U.S.S.G. § 4B1.2(a).

We utilize the categorical approach of *Taylor v. United States* to determine whether a state conviction qualifies as a crime of violence. 495 U.S. 575 (1990). Under *Taylor*, we compare the elements of the state statute of conviction to the generic federal definition of a crime of violence. *See id.* at 599. If the language of the state statute only reaches conduct that falls into the generic federal definition, a conviction

---

[1] Werle also argues that the imposition of consecutive, rather than concurrent, sentences was procedurally and substantively unsound. We address this argument in a contemporaneously filed memorandum disposition.

under that law is categorically a crime of violence and our inquiry is at an end. *See id.*; *United States v. Calvillo-Palacios*, 860 F.3d 1285, 1288 (9th Cir. 2017). But if the language of the state statute sweeps more broadly than the generic federal definition, a conviction under that statute may only qualify as a crime of violence if the statute is "divisible"; that is, if the statute lists several alternative elements, really several different crimes, as opposed to various means of committing a single crime. *See Descamps v. United States*, 133 S. Ct. 2276, 2283–84 (2013); *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016).

If the statute is divisible, we may utilize the so-called "modified categorical approach" as a tool for discovering precisely which statutory elements "formed the basis of the defendant's prior conviction." *See Descamps*, 133 S. Ct. at 2281. And in doing so, we may "consult a limited class of [extra-statutory] documents, such as indictments and jury instructions." *See id*. Once we have gathered the elements of the defendant's true crime of conviction, we return to the categorical approach and compare those elements with the generic federal definition of a crime of violence. *See id.*; *Calvillo-Palacios*, 860 F.3d at 1288.

## B

The Washington harassment statute provides that:

(1)     A person is guilty of harassment if:

(a)     Without lawful authority, the person knowingly threatens:

(i)     To cause bodily injury immediately or in the future to the person threatened or to any other person; or

(ii)    To cause physical damage to the property of a person other than the actor; or

(iii)   To subject the person threatened or any other person to physical confinement or restraint; or

(iv)    Maliciously to do any other act which is intended to substantially harm the person threatened or another with respect to his or her physical or mental health or safety; and

(b)     The person by words or conduct places the person threatened in reasonable fear that the threat will be carried out.

Wash. Rev. Code § 9A.46.020(1) (2011). It is a class C felony to "harass[] another person under subsection (1)(a)(i) of this section by threatening to kill the person threatened or any other person." Wash. Rev. Code § 9A.46.020(2)(b)(ii).

The harassment statute as a whole is not categorically a crime of violence under § 4B1.2(a)(1), but felony harassment under § 9A.46.020(2)(b)(ii) is divisible from the harassment statute generally. Washington courts have made clear that felony harassment under § 9A.46.020(2)(b)(ii) is a separate crime that requires a unanimous jury to find a threat to kill beyond a reasonable doubt. *See State v. Mills*, 109 P.3d 415, 419 (Wash. 2005) ("[I]t is unquestionably true that 'threatening to kill' is an element of felony harassment."). Werle concedes that he was convicted of felony harassment specifically under § 9A.46.020(2)(b)(ii),

and so we need not utilize the modified categorical approach to probe into the undergrowth of his harassment convictions and discover the elements that supported them. *See United States v. Ventura-Perez*, 666 F.3d 670, 676 (10th Cir. 2012); *United States v. Kindle*, 453 F.3d 438, 442 (7th Cir. 2006). Rather, we all agree that he was convicted of "knowingly threaten[ing] to kill [someone] immediately or in the future [and] [t]hat the words or conduct of [Werle] placed [that person] in reasonable fear that the threat to kill would be carried out . . . ." 11 Washington Practice: Washington Pattern Jury Instructions: Criminal 36.07.02 (4th ed. 2016) (WPIC 36.07.02).

But that agreement, as convenient as it was, falls away when we consider whether a conviction resting on those elements categorically includes a "threatened use of physical force" under § 4B1.2. Werle argues that § 9A.46.020(2)(b)(ii) is overbroad because (1) it lacks the requisite *mens rea* to constitute a threatened use of force, (2) it includes threats to kill in the distant future, and (3) it does not necessarily require threatened violent force.

1

Werle argues that § 9A.46.020(2)(b)(ii) allows a conviction based on mere negligence, and so a conviction under that section cannot constitute a crime of violence. It is clear that a negligent application of force is insufficient to constitute a "use of force" and therefore cannot serve as the basis for a crime of violence. *Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004). But knowledge, or general intent, remains a sufficient *mens rea* to serve as the basis for a crime of violence. *See United States v. Melchor-Meceno*, 620 F.3d 1180, 1186 (9th Cir. 2010) ("[T]o knowingly place another person in fear of imminent serious bodily harm . . . includes the requisite *mens rea* of intent for a crime of violence."

(citing *United States v. Grajeda*, 581 F.3d 1186, 1197 (9th Cir. 2009)).

Turning to § 9A.46.020(2)(b)(ii), the first element of a conviction under that section requires the defendant to have "knowingly threatened to kill" someone. WPIC 36.07.02(1). The Washington Supreme Court has interpreted this element to require the defendant "subjectively [to] know that he or she is communicating a threat . . . of intent to cause bodily injury to the person threatened or to another person." *State v. J.M.*, 28 P.3d 720, 725 (Wash. 2001). A knowing threat of intent to cause bodily injury plainly requires a sufficient *mens rea* to constitute a threatened use of physical force. *See Melchor-Meceno*, 620 F.3d at 1186.

Recognizing the difficulty in attacking the first element of the crime, Werle argues that a different element of the crime requires only negligence: placing the victim "in reasonable fear that the threat to kill would be carried out." WPIC 36.07.02(2). Werle is correct that the Washington Supreme Court has interpreted this element to require only negligence. *State v. Kilburn*, 84 P.3d 1215, 1221 (Wash. 2004) (holding that the inquiry is "whether a reasonable person in the defendant's place would foresee that in context the listener would interpret the statement as a serious threat or a joke"). Nevertheless, Werle's argument is unavailing because § 4B1.2(a)(1) only requires that the state crime has as "*an element* . . . the threatened use of physical force." (emphasis added). It is clear that the first element of a conviction under § 9A.46.020(2)(b)(ii)—a knowing threat of intent to kill someone—requires a sufficient *mens rea*, and so that element by itself may render the conviction a crime of violence. That other elements of the statute may be satisfied with a lower *mens rea* adds nothing to our inquiry

under § 4B1.2(a)(1), because requiring the state to prove additional elements only narrows the reach of the crime.

2

Werle also argues that § 9A.46.020(2)(b)(ii) is overbroad because it covers indeterminate threats to kill in the distant future. *See* RCW § 9A.46.020(1)(a)(i), (2)(b)(ii) (reaching threats to kill "immediately or in the future"). According to Werle, a threatened use of physical force must convey some prospect that the force could immediately occur. But we find no support for any such immediacy requirement in the language of § 4B1.2(a)(1).

In arguing otherwise, Werle points us to our decision in *Malta-Espinoza v. Gonzales*, 478 F.3d 1080 (9th Cir. 2007). In *Malta-Espinoza*, we considered whether California Penal Code § 646.9, criminalizing stalking, was categorically a crime of violence. *Id.* at 1083. Because the California statute reached distant threats that the defendant had no actual intent to carry out, we concluded that the statute was not categorically a crime of violence. *Id.* at 1083–84. We reasoned that such distant threats "created no substantial risk of application of physical force" and therefore could not qualify as a crime of violence. *Id.* at 1083. But importantly, we based that determination on the definition of crime of violence in the residual clause of 18 U.S.C. § 16(b), rather than the force clause of § 4B1.2(a)(1). *See id*. And under the language of § 16(b)'s residual clause, the state crime must have included "a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

By contrast, § 4B1.2(a)(1) does not contain the "substantial risk" language used in § 16(b). Rather, § 4B1.2(a)(1) largely mirrors the language of *§ 16(a)* and

only requires a "threatened use of physical force," regardless of any substantial risk that the force will actually occur. [2] For example, in *Arellano Hernandez v. Lynch*, we held that a statute criminalizing threats to kill, "even if there is no intent of actually carrying [] out [the threat]," categorically constituted a crime of violence under § 16(a). 831 F.3d 1127, 1130–31 (9th Cir. 2016) (quoting Cal. Penal Code § 422(a) (2009)). Notably absent in our analysis in *Arellano Hernandez* is any concern over whether those threats created a "substantial risk" of force being applied. *See id*. Indeed, we similarly rejected the defendant's attempt to blur the lines between § 16(a) and § 16(b). *See id*. at 1131–32 (rejecting defendant's reliance on the residual clause). Thus, Werle's reliance on *Malta-Espinoza* and § 16(b) is misplaced.

3

Lastly, Werle argues that a threat to kill does not necessarily include a threatened use of violent physical force, as required by *Johnson v. United States*, 559 U.S. 133 (2010), because one could kill someone via the application of poison or other non-forceful means. Werle may have luck with this argument in other circuits, *see, e.g.*, *Whyte v. Lynch*, 807 F.3d 463, 469 (1st Cir. 2015), but we have categorically rejected it, *see Cornejo-Villagrana v. Sessions*, 870 F.3d 1099, 1106 (9th Cir. 2017) ("Therefore, 'violent force' is present when there is 'physical injury' for purposes of a 'crime of violence.'"); *United States v. De La Fuente*, 353 F.3d 766, 770–71 (9th Cir. 2003) (threat to injure constitutes a threatened use of force even if the threat was to

---

[2] While § 16(a) includes threats of physical force to property, its language is otherwise "identical in all material respects" to § 4B1.2(a)(1). *See Ortega-Mendez v. Gonzales*, 450 F.3d 1010, 1019 & n.10 (9th Cir. 2006).

poison the victim); *Melchor-Meceno*, 620 F.3d at 1186 ("One cannot knowingly place another in fear of being poisoned without threatening to force the poison on the victim."). By threatening to kill, Werle necessarily threatened violent physical force.

## III

Because a conviction under § 9A.46.020(2)(b)(ii) necessarily includes a "threatened use of physical force against the person of another," we hold that a conviction under that section is categorically a crime of violence under § 4B1.2(a)(1).

The judgment of the district court is **AFFIRMED**.