**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30286 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00166-RMP-1 |
| v. | |
| TIMOTHY BINFORD, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

Argued and Submitted March 5, 2018
Seattle, Washington

Before: RAWLINSON, CLIFTON, and CHRISTEN, Circuit Judges.

Timothy Binford appeals the sentence imposed on him by the district court

following his jury trial conviction for unlawful possession of a firearm. We affirm.

We have already held that a conviction for felony harassment (threat to kill)

under Wash. Rev. Code § 9A.46.020(2)(b) is categorically a conviction for a

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

crime of violence. *United States v. Werle*, 877 F.3d 879, 884 (9th Cir. 2017).

Binford acknowledges that decision but argues that our earlier decision in *United States v. Valdivia-Flores*, 876 F.3d 1201 (9th Cir. 2017), stands for the proposition that no Washington state conviction can serve as an aggravated felony at all. *See id.* at 1208–09. We are bound by our decision in *Werle*. The panel that rendered that decision was aware of *Valdivia-Flores* and nonetheless concluded to the contrary.

We have also held that a conviction for armed bank robbery under 18 U.S.C. § 2113(a), (d) is categorically a crime of violence. *United States v. Watson*, 881 F.3d 782, 786 (9th Cir. 2018).

The issue that remains is whether the district court erred in enhancing Binford's advisory guideline sentencing range under U.S.S.G. § 2K2.1(b)(6) for possession of a firearm in connection with another felony offense. Application Note 14(A) to the relevant Guideline states that subsection (b)(6)(B) "appl[ies] if the firearm or ammunition facilitated or *had the potential of facilitating*, another felony offense . . . ." (Emphasis added.) The district court found a sufficient factual connection to support application of the enhancement. The district court's finding was not clearly erroneous. Binford possessed debit cards and credit cards in the names of other individuals. The contents of Binford's bag included the

firearm, drug paraphernalia and traces of methamphetamine, and items that were described as a "'Burglary 101' toolset." Beyond the proximity of those items, the district court cited witness statements that connected Binford and his firearm to burglaries and robberies, and observations of Binford going into a pawn shop and engaging in other activity consistent with burglary and identity theft. The finding that the firearm had the potential for facilitating a burglary was not clearly erroneous.

**AFFIRMED**.