**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    17-30165 |
| Plaintiff-Appellee, | D.C. No. 3:12-cr-05126-RBL-1 |
| v. | |
| KENNETH RANDALE DOOR, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted December 7, 2018
Seattle, Washington

Before:  THOMAS, Chief Judge, and McKEOWN and CHRISTEN, Circuit Judges.

Defendant Kenneth Randale Door appeals the sentence imposed at his 2017 sentencing hearing.[1]  The district court determined that Door's base offense level should be 24 pursuant to United States Sentencing Guideline (U.S.S.G.)

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[1]    As the parties are familiar with the facts, we do not recount them here.

§ 2K2.1(a)(2) after concluding that Door's prior Washington state convictions for second-degree assault and felony harassment qualified as crimes of violence.[2] Door argues that these prior offenses do not constitute crimes of violence, and thus his base offense level was calculated incorrectly.[3] He also argues that he was improperly convicted of being a Violent Felon in Possession of Body Armor and challenges the four-level enhancement the district court applied for possession of a firearm in connection with drug trafficking. Finally, Door argues his case should be reassigned if remanded. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm Door's body armor conviction and the application of the four-level enhancement. However, because Door's prior conviction for second-degree assault does not qualify as a crime of violence, we vacate Door's sentence and remand for resentencing. We decline to reassign the case on remand.

1. Possession of Body Armor Conviction. Possession of body armor is a crime only if the defendant has a prior felony conviction for a "crime of violence" as defined in 18 U.S.C. § 16. *See* 18 U.S.C. § 931(a). Even assuming Door did not

---

[2]    The relevant Sentencing Guidelines are those in effect on the date of the defendant's first sentencing hearing. *See* 18 U.S.C. § 3742(g)(1). Door's first sentencing hearing occurred when the 2013 Guidelines were in effect.

[3]    In a concurrently filed opinion, we address Door's argument that the Washington crime of felony harassment and the Washington crime of second-degree assault do not constitute crimes of violence.

waive or forfeit the argument that his prior offenses did not qualify as crimes of violence, Door has at least one prior felony conviction for a crime of violence because his 1997 conviction of felony harassment, in violation of Wash. Rev. Code §§ 9A.46.020(1)(a)(i) and (2)(b), necessarily entails the threatened use of violent physical force against the person of another. This prior conviction constitutes a crime of violence as defined in 18 U.S.C. § 16(a). *See United States v. Werle*, 877 F.3d 879, 884 (9th Cir. 2017). We affirm Door's conviction for possession of body armor.

2. <u>Enhancement for Possession of a Firearm in Connection with Another Felony.</u> We review for abuse of discretion a district court's application of the Sentencing Guidelines. *United States v. Gonzales*, 506 F.3d 940, 943 (9th Cir. 2007) (en banc). The district court applied a four-level enhancement for possession of a firearm in connection with felony drug trafficking. *See* U.S.S.G. § 2K2.1, cmt. n.14(B)(ii) (2013 ed.). The district court relied upon the following evidence: (1) a recorded jail conversation in which Door said he was "gonna sell some dope" to pay his attorney, and (2) other recorded jail conversations in which Door spoke about his history of robbing Mexican drug dealers. There is also uncontested evidence in the record that two small digital scales, methamphetamine pipes, clear plastic bags, and firearms were found in Door's residence during the

3

search that led to the charges at issue. The district court did not abuse its discretion in applying the four-level enhancement based on this evidence.

3. No Reassignment on Remand. Door argues this court should order reassignment to a different district judge on remand. "This [c]ourt will reassign a case on remand only under 'unusual circumstances or when required to preserve the interests of justice.'" *United States v. Wells*, 879 F.3d 900, 938 (9th Cir. 2018) (quoting *United States v. Wolf Child*, 699 F.3d 1082, 1102 (9th Cir. 2012)). The district court sentenced Door to the maximum statutory sentence of 276 months, despite the Guidelines range being calculated at 210 to 262 months, and explained the maximum sentence was warranted "given the seriousness of the offenses and the related conduct" and for deterrence purposes. The probation officer also recommended the maximum sentence in its Revised Memorandum on Resentencing. Although the district judge indicated at the beginning of the hearing that he would sentence Door to the maximum sentence regardless of the advisory Sentencing Guidelines range, we do not believe reassignment is necessary to preserve the appearance of justice and see no special circumstances that require reassignment. Notably, the sentence that the district court imposed at Door's first sentencing hearing was 300 months of imprisonment, which was at the middle of the 262- to 327-month advisory Guidelines range calculated at that time.

**Sentence VACATED; REMANDED for resentencing.**