NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> ANTONIO ROYAL, AKA Tone Royal, AKA Antonio Royale, <br><br> Defendant-Appellant. | No. 17-15130 <br> 17-15131 <br><br> D.C. No. 4:15-cr-00118-CW-1 <br> D.C. No. 4:08-cr-00405-CW-1 <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, District Judge, Presiding

Submitted May 21, 2019[**]

Before: THOMAS, Chief Judge, FRIEDLAND and BENNETT, Circuit Judges.

In these consolidated appeals, Antonio Royal appeals from the district court's judgment denying his 28 U.S.C. § 2255 motion. We have jurisdiction under 28 U.S.C. § 2253. Reviewing de novo, *see United States v. Reves*, 774 F.3d 562, 564 (9th Cir. 2014), we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Royal contends that, in light of the Supreme Court's holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015), his conviction for assault with a firearm, in violation of California Penal Code § 245(a)(2) (2005), is not a crime of violence. In Appeal No. 17-15130, he argues that, therefore, he is not a "violent felon" for purposes of 18 U.S.C. § 931(a)(1) and that the district court improperly determined his base offense level under U.S.S.G. § 2K2.1(a)(2). In Appeal No. 17-15131, he argues that the district court erred in its calculation of the Guidelines range. All of Royal's arguments are foreclosed by *United States v. Vasquez-Gonzalez*, 901 F.3d 1060, 1065-68 (9th Cir. 2018), which held that a conviction under section 245(a) is a categorical crime of violence under 18 U.S.C. § 16(a). *See Vasquez-Gonzalez*, 901 F.3d at 1068; *see also United States v. Werle*, 877 F.3d 879, 883-84 (9th Cir. 2017) (stating that the language of section 16(a) "largely mirrors" the language of U.S.S.G. § 4B1.2(a)(1)).

In light of this disposition, we do not reach the parties' remaining arguments.

**AFFIRMED.**