NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAY 29 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30274 |
| Plaintiff-Appellee, | D.C. No. 1:13-cr-00281-EJL-1 |
| v. | |
| LAJAI JAMAR PRIDGETTE, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted May 21, 2019**

Before: THOMAS, Chief Judge, FRIEDLAND and BENNETT, Circuit Judges.

Lajai Jamar Pridgette appeals from the district court's judgment and challenges the 120-month concurrent sentences imposed on remand following his jury-trial conviction for possession of a counterfeit access device and counterfeit access device making equipment, in violation of 18 U.S.C. § 1029(a)(3), (4);

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1); and transportation of a stolen motor vehicle, in violation of 18 U.S.C. § 2312. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Pridgette first contends that the district court erred in determining that his prior conviction for assault with a deadly weapon in violation of California Penal Code § 245(a)(1) is a categorical crime of violence under U.S.S.G. §§ 2K2.1(a)(4)(A) and 4B1.2(a). Pridgette's argument is foreclosed by *United States v. Vasquez-Gonzalez*, 901 F.3d 1060, 1065-68 (9th Cir. 2018), which was decided after briefing in this case was complete. In *Vasquez-Gonzalez*, this court held that section 245(a)(1) is a categorical crime of violence under 18 U.S.C. § 16(a), which is materially identical to § 4B1.2(a)(1). *See id.* at 1068; *see also United States v. Werle*, 877 F.3d 879, 883-84 (9th Cir. 2017) (stating that the language of § 16(a) "largely mirrors" the language of § 4B1.2(a)(1)).

Pridgette also contends that the sentence is substantively unreasonable. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The within-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including the circumstances of the offense and Pridgette's lengthy criminal history. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**