NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 17 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ADAN E. GUZMAN, | No. 18-72832 |
| Petitioner, | Agency No. A076-871-564 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 6, 2020**
Seattle, Washington

Before: CALLAHAN and CHRISTEN, Circuit Judges, and RAKOFF,*** District Judge.

Adan E. Guzman, the petitioner, is a native of El Salvador who became a

Lawful Permanent Resident in the United States in 1999. He petitions for review

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

of the Board of Immigration Appeals (BIA) denial of asylum, withholding of removal, and deferral under the Convention Against Torture (CAT). Guzman argues: (1) the IJ and BIA erred when they allowed the DHS to lodge additional charges of removability because it violated collateral estoppel; (2) the IJ and BIA erred by determining that Guzman's conviction of the Washington State felony harassment statute constituted a crime of violence and thus an aggravated felony; and (3) the IJ and BIA erred by finding that Guzman did not show it was more likely than not that he would be tortured if removed to El Salvador. We have jurisdiction under 8 U.S.C. § 1252, and deny the petition.[1]

We review questions of law de novo and factual findings for substantial evidence. *Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020). For a petitioner to prevail under the substantial evidence standard, the petitioner must show that the evidence compels the conclusion that these findings are erroneous. *Id.*

Guzman committed multiple crimes during his time in the United States, and was originally found removable for committing an aggravated felony in relation to a second-degree assault conviction in 2008. Intervening case law from this Court rendered that conviction no longer an aggravated felony, *United States v. Robinson*, 869 F.3d 933 (9th Cir. 2017), and the Department of Homeland Security

---

[1]  Because the parties are familiar with the facts, we do not discuss them at length here.

(DHS) lodged additional charges of removability against Guzman based on a felony harassment conviction under RCW 9A.46.020(2)(b)(ii). Guzman applied for asylum, withholding of removal, and withholding and deferral of removal under CAT.

The Immigration Judge (IJ) first found that the DHS was not barred from lodging additional charges of removability following remand from the Ninth Circuit. Second, relying on *U.S. v. Werle*, 877 F.3d 879 (9th Cir. 2017), the IJ determined that Guzman's felony harassment conviction constituted a "crime of violence" and thus an aggravated felony. The IJ also found that Guzman had not shown it was more likely than not that he would be tortured if removed, and that he could relocate within El Salvador. The BIA affirmed the IJ's decision.

**1**. The DHS was not barred from lodging additional charges of removability following the remand from this Court. 8 C.F.R. § 1003.30 provides that the DHS may bring additional charges of removal "[a]t any time" during removal proceedings. There was no final judgment barring relitigation. Therefore, Guzman has not shown that the DHS was barred from lodging additional claims. *See Valencia-Alvarez v. Gonzales*, 469 F.3d 1319, 1324 (9th Cir. 2006).

**2**. Guzman has not shown that the BIA erred in holding that a felony harassment conviction under RCW 9A.46.020(2)(b)(ii) constitutes a crime of violence and is thus an aggravated felony. In *U.S. v. Werle*, 877 F.3d 879 (9th Cir.

3

2017), we held that a conviction of felony harassment under the specified code subsection constitutes a crime of violence under the federal sentencing guidelines. *Id.* at 884. The language in the federal sentencing guidelines describing a crime of violence is identical to the definition of a crime of a violence in the immigration context. *Compare* 18 U.S.C. § 16(a) *with* FSG § 4B1.2. We see no reason to interpret these identical phrases differently just because the underlying proceedings here are immigration as opposed to sentencing guidelines. *See Werle*, 877 F.3d at 884 n.2 ("While § 16(a) includes threats of physical force to property, its language is otherwise 'identical in all material respects' to § 4B1.2(a)(1)."). Thus, the BIA did not err in relying on *Werle* in determining that Guzman's felony harassment conviction was for a crime of violence, rendering Guzman removable. 8 U.S.C. § 1227(a)(2)(A)(iii).

**3**. Guzman has not shown that he is more likely than not to be persecuted or tortured if removed to El Salvador. 8 C.F.R. § 1208.16(c)(2). Guzman has not countered evidence in the record indicating that he can safely relocate within El Salvador. *See Maldonado v. Lynch*, 786 F.3d 1155, 1163-64 (9th Cir. 2015). Guzman has not shown it is more likely than not he would be tortured if removed to El Salvador. Accordingly, he does not qualify for deferral of removal under the Convention Against Torture.

Guzman's petition is **DENIED.**

4